**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JESSICA AYALA, individually and as Guardian
For Victor Rios, and WESTCHESTER RESIDENTIAL
OPPORTUNITIES, INC.,

                        Plaintiffs,                       21 Civ. 9779 (NSR)(JCM)

                   -against-                     **ANSWER**


SAW MILL LOFTS, LLC, and GINSBURG
DEVELOPMENT COMPANIES, LLC,

                        Defendants.
-------------------------------------------------------------------X

       Defendants Saw Mill Lofts, LLC and Ginsburg Development Companies, LLC (collectively the "Defendants") by their attorneys Ginsburg & Redmond, P.C., answer the complaint (the "Complaint") of plaintiffs Jessica Ayala, individually and as Guardian for Victor Rios and Westchester Residential Opportunities, Inc., ("WRO" and collectively with plaintiff Jessica Ayala the "Plaintiffs"), upon information and belief, as follows:

<u>NATURE OF THE CASE</u>

       1.       Deny each and every allegation contained in paragraph "1" of the Complaint except deny knowledge or information sufficient to form a belief as to the allegations concerning what plaintiff Jessica Ayala and her son believed about wheelchair accessibility and learned after contacting WRO for assistance.

       2.       Deny each and every allegation contained in paragraph "2" of the Complaint.

       3.       Deny each and every allegation contained in paragraph "3" of the Complaint.

       4.       Paragraph "4" of the Complaint seeks relief and states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny each and every

allegation contained in paragraph "4" of the Complaint and refer all questions of law to the Court for determination.

5.      Paragraph "5" of the Complaint seeks relief and states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny each and every allegation contained in paragraph "5" of the Complaint and refer all questions of law to the Court for determination.

6.      Paragraph "6" of the Complaint seeks relief and states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny each and every allegation contained in paragraph "6" of the Complaint and refer all questions of law to the Court for determination.

7.      Paragraph "7" of the Complaint seeks relief and states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny each and every allegation contained in paragraph "7" of the Complaint and refer all questions of law to the Court for determination.

## JURISDICTION AND VENUE

8.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the Complaint.

9.      Paragraph "9" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "9" of the Complaint and refer all questions of law to the Court for determination.

10.      Paragraph "10" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "10" of the Complaint and refer all questions of law to the

Court for determination.

11.     Paragraph "11" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "11" of the Complaint and refer all questions of law to the Court for determination.

12.     Paragraph "12" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "12" of the Complaint and refer all questions of law to the Court for determination, except that Defendants admit that Defendants' principal offices are located in Westchester County.

## THE PARTIES

13.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of the Complaint and refer all questions of law to the Court for determination.

14.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of the Complaint but deny that Defendants have engaged in any unlawful housing practices.

23.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of the Complaint.

25.     Admit the allegations contained in paragraph "25" of the Complaint.

26.     Deny in the form alleged the allegations contained in paragraph "26" of the Complaint, but admit that Saw Mill Lofts, LLC owns a multifamily apartment building located on Saw Mill River Road in Hastings-on-Hudson, New York.

27.     Admit the allegations contained in paragraph "27" of the Complaint.

28.     Deny in the form alleged the allegations contained in paragraph 28 of the Complaint, but admit that Ginsburg Development Companies, LLC has an office in Westchester County.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

## STATUTORY AND REGULATORY FRAMEWORK

30.     Paragraph "30" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and

every allegation contained in paragraph "30" of the Complaint and refer all questions of law to the Court for determination.

31.     Paragraph "31" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "31" of the Complaint and refer all questions of law to the Court for determination.

32.     Paragraph "32" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "32" of the Complaint and refer all questions of law to the Court for determination.

33.     Paragraph "33" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "33" of the Complaint and refer all questions of law to the Court for determination.

34.     Paragraph "34" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "34" of the Complaint and refer all questions of law to the Court for determination.

35.     Paragraph "35" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "35" of the Complaint and refer all questions of law to the Court for determination.

36.     Paragraph "36" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and

every allegation contained in paragraph "36" of the Complaint and refer all questions of law to the Court for determination.

37.     Paragraph "37" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "37" of the Complaint and refer all questions of law to the Court for determination.

## FACTUAL BACKGROUND

38.     Deny in the form alleged the allegations contained in paragraph 38 of the Complaint but admit that in February 2021 plaintiff Jessica Ayala entered into a lease for a rental apartment at the Lofts.

39.     Admit the allegations in paragraph 39 of the Complaint.

40.     Deny in the form alleged the allegations contained in paragraph 40 of the Complaint.

41.     Deny each and every allegation contained in paragraph "41" of the Complaint.

42.     Deny each and every allegation contained in paragraph "42" of the Complaint except admit that defendant Saw Mill Lofts, LLC offers tenants and their guests parallel parking spaces in front of the apartment buildings.

43.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "43" of the Complaint.

44.     Deny each and every allegation contained in paragraph "44" of the Complaint.

45.     Deny each and every allegation contained in paragraph "45" of the Complaint.

46.     Deny each and every allegation contained in paragraph "46" of the Complaint.

47.     Deny each and every allegation contained in paragraph "47" of the Complaint.

48.     Deny each and every allegation contained in paragraph "48" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding

Mr. Rios' ability to use the entrance doors.

49.     Deny each and every allegation contained in paragraph "49" of the Complaint.

50.     Deny each and every allegation contained in paragraph "50" of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "51" of the Complaint.

52.     Deny each and every allegation contained in paragraph "52" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that on July 14, 20210, WRO sent a staff member to investigate Plaintiffs' claims.

53.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "53" of the Complaint.

54.     Deny each and every allegation contained in paragraph "54" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that on July 23, 2021, WRO sent staff to Ms. Ayala and Mr. Rios' apartment to survey the interior and architectural features of their unit and their apartment building, as well as take photographs and measurements.

55.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "55" of the Complaint.

56.     Deny each and every allegation contained in paragraph "56" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that on October 21, 2021, WRO sent two testers to The Lofts to inquire about an available rental apartment at the other market rate building, that the testers were trained, supervised and debriefed by WRO or that the testers stated that they were looking for an apartment for a family member that uses a wheelchair.

57.     Deny each and every allegation contained in paragraph "57" of the Complaint.

58.     Deny each and every allegation contained in paragraph "58" of the Complaint.

59.     Deny each and every allegation contained in paragraph "59" of the Complaint.

60.     Deny each and every allegation contained in paragraph "60" of the Complaint.

### FIRST CAUSE OF ACTION

61.     With respect to paragraph "61" of the Complaint, Defendants repeat and reallege their answers to paragraphs "1" through "109" of the Complaint as if set forth fully herein.

62.     Paragraph "62" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "62" of the Complaint and refer all questions of law to the Court for determination.

63.     Paragraph "63" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "63" of the Complaint and refer all questions of law to the Court for determination.

64.     Paragraph "64" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "64" of the Complaint and refer all questions of law to the Court for determination.

65.     Paragraph "65" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "65" of the Complaint and refer all questions of law to the Court for determination.

66.     Deny each and every allegation contained in paragraph "66" of the Complaint.

67.     Deny each and every allegation contained in paragraph "67" of the Complaint.

68.     Deny each and every allegation contained in paragraph "68" of the Complaint.

69.     Deny each and every allegation contained in paragraph "69" of the Complaint.

70.     Deny each and every allegation contained in paragraph "70" of the Complaint.

71.     Deny each and every allegation contained in paragraph "71" of the Complaint.

72.     Deny each and every allegation contained in paragraph "72" of the Complaint.

73.     Deny each and every allegation contained in paragraph "73" of the Complaint.

74.     Deny each and every allegation contained in paragraph "74" of the Complaint.

## SECOND CAUSE OF ACTION

75.     With respect to paragraph "75" of the Complaint, Defendants repeat and reallege their answers to paragraphs "1" through "109" of the Complaint as if set forth fully herein.

76.     Paragraph "76" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "76" of the Complaint and refer all questions of law to the Court for determination.

77.     Deny each and every allegation contained in paragraph "77" of the Complaint.

78.     Deny each and every allegation contained in paragraph "78" of the Complaint.

79.     Deny each and every allegation contained in paragraph "79" of the Complaint.

80.     Deny each and every allegation contained in paragraph "80" of the Complaint.

81.     Deny each and every allegation contained in paragraph "81" of the Complaint.

## THIRD CAUSE OF ACTION

82.     With respect to paragraph "82" of the Complaint, Defendants repeat and reallege their answers to paragraphs "1" through "109" of the Complaint as if set forth fully herein.

83.     Paragraph "83" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and

every allegation contained in paragraph "83" of the Complaint and refer all questions of law to the Court for determination.

84.     Paragraph "84" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "84" of the Complaint and refer all questions of law to the Court for determination.

85.     Paragraph "85" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "85" of the Complaint and refer all questions of law to the Court for determination.

86.     Deny each and every allegation contained in paragraph "86" of the Complaint.

87.     Deny each and every allegation contained in paragraph "87" of the Complaint.

88.     Deny each and every allegation contained in paragraph "88" of the Complaint.

89.     Deny each and every allegation contained in paragraph "89" of the Complaint.

90.     Deny each and every allegation contained in paragraph "90" of the Complaint.

91.     Deny each and every allegation contained in paragraph "91" of the Complaint.

92.     Deny each and every allegation contained in paragraph "92" of the Complaint.

93.     Deny each and every allegation contained in paragraph "93" of the Complaint.

**FOURTH CAUSE OF ACTION**

94.     With respect to paragraph "94" of the Complaint, Defendants repeat and reallege their answers to paragraphs "1" through "109" of the Complaint as if set forth fully herein.

95.     Deny each and every allegation contained in paragraph "95" of the Complaint.

96.     Deny each and every allegation contained in paragraph "96" of the Complaint.

97.     Deny each and every allegation contained in paragraph "97" of the Complaint.

98.     Deny each and every allegation contained in paragraph "98" of the Complaint.

### FIFTH CAUSE OF ACTION

99.     With respect to paragraph "99" of the Complaint, Defendants repeat and reallege their answers to paragraphs "1" through "109" of the Complaint as if set forth fully herein.

100.     Paragraph "100" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "100" of the Complaint and refer all questions of law to the Court for determination.

101.     Paragraph "101" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "101" of the Complaint and refer all questions of law to the Court for determination.

102.     Paragraph "102" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "102" of the Complaint and refer all questions of law to the Court for determination.

103.     Paragraph "103" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny in the form alleged each and every allegation contained in paragraph "103" of the Complaint and refer all questions of law to the Court for determination.

104.     Deny each and every allegation contained in paragraph "104" of the Complaint.

105.     Deny each and every allegation contained in paragraph "105" of the Complaint.

106.     Deny each and every allegation contained in paragraph "106" of the Complaint.

107.     Deny each and every allegation contained in paragraph "107" of the Complaint.

108.    Deny each and every allegation contained in paragraph "108" of the Complaint.

109.    Deny each and every allegation contained in paragraph "109" of the Complaint.

110.    The "WHEREFORE" clause of the Complaint does not state any allegations other than requesting relief, to which no response is necessary. To the extent that a response is required, the Defendants deny in the form alleged each and every allegation contained in said "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

111.    If the Plaintiffs sustained any damages as alleged in the Complaint, same were wholly caused by the culpable and wrongful conduct, breach of contract, negligence and/or fraud of some other party or persons over whom the Defendants had no control and for whose culpable and wrongful conduct, breach of contract, negligence and/or fraud Defendants were not and are not responsible or liable.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

112.    The Complaint fails to state a claim upon which relief can or should be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

113.    Plaintiffs' claims are barred by the equitable doctrines of waiver, laches, estoppel, and unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

114.    The claims and damages as alleged in the Complaint, if any, were caused, contributed to, brought about and/or aggravated by superseding and/or intervening causes.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

115.    Defendants owed no duty to the Plaintiffs and on account thereof Plaintiffs claims must be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

116.    At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto, Defendants acted in a manner that was proper, reasonable, and lawful and in the exercise of good faith.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

117.    With respect to some or all of the claims brought or alleged by the Plaintiffs, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in compliance with applicable law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

118.    Plaintiffs' claims are barred in whole, or in part, by the statute of limitations.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

119.    Plaintiffs' claims are barred by their objectionable procedures used to enforce the design and construction rules of the Fair Housing Act.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

120.    The Complaint does not adequately describe or set forth what characteristics of The Lofts violate the Fair Housing Act and does not set forth facts sufficient to constitute a viable claim against the Defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

121.    Plaintiffs' assertions in the Complaint that Defendants designed and constructed the buildings at The Lofts in violation of the accessibility provisions of the Fair Housing Act are at most conclusory allegations premised on no factual allegations, whatsoever, and, as such, are insufficient

as the legally required premise for Plaintiffs' claim for injunctive relief and damages against the Defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

122.    Plaintiffs are barred from claiming or recovering any relief set forth in the Complaint because Plaintiffs have not suffered any harm, damage, or loss.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

123.        The Defendants are not the proximate cause of any injuries sustained by the Plaintiffs.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

124.    Plaintiffs have no standing to bring this action.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

125.    The Defendants have not discriminated against Plaintiffs or former or present residents of The Lofts on account of disabilities or for any other reason.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

126.    Reasonable accommodations, if necessary, are available and have been promptly offered to prospective and current residents, including Plaintiffs, at all relevant times to the Complaint.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

127.    Upon information and belief, there have never been improper restrictions on access by Plaintiffs or other any existing or prospective residents of The Lofts to any areas thereof.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

128.        Defendant Ginsburg Development Companies, LLC is not a proper party defendant to this action.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

129.    The Lofts were designed and constructed in accordance with the New York State Building and Fire Code and the local building code (the "Building Codes") relating to accessibility by persons with disabilities. The Building Codes incorporate the requirements of the Fair Housing Act, including, without limitation, the design and construction features thereof. The Lofts received a certificate of occupancy from the local municipality evidencing that the complex was built in compliance with the Building Codes. The Defendants' compliance with the Building Codes is, therefore, compliance with the Fair Housing Act.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

130.    The Plaintiffs are barred from recovery of punitive damages because they have not alleged and cannot prove any acts or omissions by the Defendants that would support an award of punitive damages as a matter of law.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

131.   To the extent the Complaint seeks punitive or exemplary damages from the Defendants, the awarding and/or assessment of punitive damages violates the Defendants' right to substantive and procedural due process and equal protection pursuant to common law, the Constitution of the State of New York, and the 5th and 14th Amendments to the Constitution of the United States.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

132.    To the extent the Complaint seeks punitive or exemplary damages from the Defendants, the allegations set forth in the Complaint do not warrant or merit the imposition of punitive damages against the Answering Defendant.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

133.    To the extent the Complaint seeks punitive or exemplary damages from the Defendants, the Defendants' rights are violated with respect to protection from "excessive fines" as provided for by the 8th Amendment to the United States Constitution and the Constitution of the State of New York.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

134.    Whatever damages Plaintiff may have sustained at the time and place alleged in the Complaint were caused, in whole or in part, by the culpable conduct of Plaintiff. The amount of damages recovered by Plaintiff, if any, shall be reduced in proportion to the culpable conduct attributable to Plaintiff which caused Plaintiff's alleged injuries.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

135.    Plaintiffs have failed to join parties to this action who are necessary and indispensable parties to this action.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

136.    Plaintiffs have failed to mitigate their alleged damages.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

137.    Defendants reserve their right to assert such other additional defenses that may become known to it through discovery.

WHEREFORE, defendants Saw Mill Lofts, LLC and Ginsburg Development Companies, demand judgment against plaintiffs Jessica Ayala and Westchester Opportunities, Inc., as follows:

A.      Dismissing Plaintiffs' Complaint, with prejudice, in its entirety; and

B.      Awarding to defendants Saw Mill Lofts, LLC and Ginsburg Development Companies, LLC such amounts as may be determined by the Court to be fair and just, including, without limitation, the costs, disbursements, and attorneys' fees of this action together with such other and further relief that this Court deems just, proper, and equitable.

Dated: Hawthorne, New York
       March 31, 2022


                                        GINSBURG & REDMOND, P.C.


                                        Steven C. Bagwin, Esq. (SCB 7342)
                                        Mark D. Ginsburg, Esq. (MG 2135)
                                        Attorneys for Defendants
                                        245 Saw Mill River Road
                                        Hawthorne, New York 10532
                                        Telephone Number: (914) 495-3515
                                        Facsimile Number: (914) 495-3520
                                        E-mail Address: mdginsburg@grlawpc.com
                                        E-mail Address: sbagwin@grlawpc.com



To:     James E. Bahamonde, Esq. (Via ECF)
        Law Firm of James E. Bahamonde, P.C.
        Attorneys for Plaintiffs
        2501 Jody Court
        North Bellmore, New York 11710-1940

*Docket No.:21 Civ. 9779 (NSR)(JCM)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
JESSICA AYALA, individually and as Guardian
For Victor Rios, and WESTCHESTER
RESIDENTIAL OPPORTUNITIES, INC.,


Plaintiffs,

-against-


SAW MILL LOFTS, LLC and GINSBURG
DEVELOPMENT COMPANIES, LLC,

Defendants.
-----------------------------------------------------------------------------X


# ANSWER


### GINSBURG & REDMOND, P.C.
### *ATTORNEYS FOR DEFENDANTS*
### *245 SAW MILL RIVER ROAD, 2ND FLOOR*
### *HAWTHORNE, NEW YORK 10532*
### *PHONE: 914-495-3515*

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:                                        Signature: _____

                                              Signer's Name:

Service of a copy of the within                                        is hereby admitted.
Dated:   Attorney(s) for
PLEASE TAKE NOTICE
Notice          That the within is a (certified) true copy of a
of Entry        entered in the office of the clerk of the within named Court on 20

Notice of       That an Order of which the within is a true copy will be presented for settlement to the
Settlement                 Hon.              one of the judges of the within named court,
at       on       20    , at M