Law Offices of

# JAMES E. BAHAMONDE, P.C.

2501 Jody Court
North Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376
James@CivilRightsNY.com

November 14, 2022

**BY ECF**

Hon. Judith C. McCarthy
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

> **Re.**   *Ayala, et al. v. Saw Mill Lofts LLC, et al.*
> <u>**21cv9779 (NSR) (JCM)**</u>

Dear Magistrate Judge McCarthy:

I represent Plaintiffs in the above-referenced matter. Pursuant to Your Honor's Individual Rule 2(A), Plaintiffs seek a pre-motion conference before making a motion to compel an inspection of Defendants' multifamily development named Saw Mill Lofts, the property underlying this dispute, as permitted by Rule 34(a)(2) of the Federal Rules of Civil Procedure. Prior to seeking a pre-motion conference, Plaintiffs have in good faith tried to resolve this discovery dispute through written correspondence and repeated email communication. However, Defendants have not supplied a direct response to either.

The Fair Housing Act (FHA) requires multifamily residential buildings with more than four units to be designed and constructed to include certain features of accessible design. Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including "architectural barriers" erected by architects, developers and builders who fail to design and construct dwellings and common use areas at those dwellings accessible to and adaptable by people with disabilities. H.R. Rep. No. 100-711, at 25 (1988), *reprinted in* 1988 U.S.C.A.A.N. 2173, 2186; 134 Cong. Rec. S10454, 10463 (Aug. 1, 1998).

In 2016, the Department of Justice commenced a housing discrimination action against Defendant Ginsberg Development Companies, LLC (GDC) for failing to comply with the design and construction features of the FHA. In that action, a Consent Decree was issued by the Court mandating that Defendant GDC design and construct Saw Mill Lofts in compliance with the FHA guidelines. (*See*, **Exhibit 1**; Consent Order of Preliminary Injunction dated September 27, 2016 at ¶¶ 3-11). However, as this case demonstrates, this did not occur.

**Law Offices of**
**James E. Bahamonde, P.C.**

November 14, 2022
Page    - 2 -

### Plaintiffs' Request Entry Upon Land

On November 23, 2021, Plaintiffs commenced the instant action alleging, in part, Defendants GDC and Saw Mill Lofts LLC, failed to comply with the design and construction requirements of the FHA. (*See*, Dkt. No. 1; Complaint ¶¶ 1, 3, 41-57, and 76-81). On October 19, 2022, Plaintiffs served Defendants an Amended Request Entry Upon Land seeking access to the subject property – 3 multifamily apartment buildings – in order to inspect, measure, survey, and photograph the common areas and rental units possessed or controlled by Defendants at Saw Mill Lofts within the scope the Federal Rules of Civil Procedure and the Local Rules of the District Court. (*See*, **Exhibit 2**; Amended Requests Entry Upon Land). In particular, Plaintiffs seek to, among other things, inspect and photograph the common areas and at least one type of each rental unit in each building.

In response to the Amended Request, Defendants stated they will allow Plaintiffs access to the common areas. However, Defendants have only offered to allow access to vacant rental units contending that they do not have permission to enter occupied apartments. Defendants also claimed that the request for inspection was not feasible because of liability concerns.

Contrary to Defendant's argument, the terms of the standard lease agreement used by Defendants does not prohibit Defendants, or Plaintiffs, from conducting an inspection of currently occupied rental units, or could Defendant be held liable for damage or loss resulting from the inspection. The plain language of the Residential Lease Agreement used at Saw Mill Lofts,[1] clearly states that entry to a rental unit is permissible provided that the tenant is furnished with reasonable notice beforehand, and the inspection is conducted during reasonable hours. (*See*, **Exhibit 3,** documents Bates stamped WRO061-WRO065; relevant pages of the Residential Lease Agreement between Jessica Ayala and GDC at ¶ 19). Further, the lease specifically allows entry for an inspection of a rental unit. (*Id*., at ¶ 19(a)(iii)). Included among the persons, or entities, that are permitted access under this lease term are court officers. (*Id*., at ¶ 19(d)). Lastly, under the language of this section, Defendant is specifically absolved from liability for any damage or loss caused by the inspecting party. (*Id*). Accordingly, Defendant's objection to Plaintiffs' request to inspect certain rental units is without merit, and Defendant should be compelled to permit such.

The Court should also be informed that Plaintiffs have, since September 2022, attempted numerous times to schedule a date to have their expert inspect the subject property. In response to each attempt, Defendants claimed they were having difficulties identifying such a date. However, upon serving a good faith letter to Defendants on November 7, 2022, Defendants were able to provide an amenable date within 9 hours. The only reasonable interpretation of Defendant's conduct in this instance is that it had been acting in bad faith on each of Plaintiff's previous attempts -- perhaps to schedule the inspection to the latest date possible so that it would be impossible to provide tenants with reasonable advance notice of the inspection, especially considering the deadline for fact discovery is fast approaching on December 30, 2022.

---

[1] Defendants have stated that the lease agreement executed by Jessica Ayala is exactly similar to the standard lease agreements used at Saw Mill Lofts

**Law Offices of**
**James E. Bahamonde, P.C.**

November 14, 2022
Page    - 3 -


      Accordingly, Plaintiffs respectfully request a pre-motion conference in order inspect the subject property as permitted by Rule 34(a)(2) of the Federal Rules of Civil Procedure.


     Respectfully Yours,

/s/ James E. Bahamonde

James E. Bahamonde, Esq.


cc: (via ECF)
Mark D. Ginsberg, Esq.
Steven C. Bagwin, Esq.
Ginsburg & Redmond