Law Offices of
# JAMES E. BAHAMONDE, P.C.

2501 Jody Court
North Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376
James@CivilRightsNY.com

November 14, 2022

**BY ECF**

Hon. Judith C. McCarthy
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

        Re:   *Ayala, et al. v. Saw Mill Lofts LLC, et al.*
                **21cv9779 (NSR) (JCM)**

Dear Magistrate Judge McCarthy:

    I represent Plaintiffs in the above-referenced matter. Pursuant to Your Honor's Individual Rule 2(A), Plaintiffs seek a pre-motion conference before making a motion to enforce a subpoena served on a nonparty witness, Dominic Marinelli, for production and testimony pursuant to Federal Rule of Civil Procedure, Rule 45. Prior to seeking a pre-motion conference, Plaintiffs have in good faith tried to resolve this discovery dispute through written correspondence and repeated email communication. However, Defendants have not supplied a direct response to either.

    This action alleges Defendants Ginsberg Development Companies, LLC (GDC) and Saw Mill Lofts LLC, have violated the design and construction standards under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.*, and Westchester Fair Housing Law§ 700 *et seq.* (*See*, Dkt. No. 1; Complaint ¶¶ 1, 3, 41-57, and 76-81). Specifically, Plaintiffs allege, in part, that Defendants failed to design and construct three multifamily apartment buildings named Saw Mill Lofts, the property underlying this dispute, in accordance with the accessibility guidelines promulgated under the aforementioned laws. (*Id*).

    On August 24, 2022, Plaintiffs served Dominic Marinelli, an architect with United Spinal Association, with a subpoena to produce documents. (*See*, **Exhibit** 1; subpoena to produce) Mr. Marinelli was the independent expert designated by the Court in *United States of America v. Ginsburg Development Companies, LLC,* Case Number 16 Civ. 7391 (NSR) to, in part, inspect three multifamily apartment buildings then under development by Defendant GDC, named Saw Mill Lofts. (*See*, **Exhibit** 2; Consent Order of Preliminary Injunction dated September 27, 2016 at ¶¶ 3-11). In the Consent Decree, the Court ordered Mr. Marinelli to inspect Saw Mill Lofts, pre- and post-construction, and create pre- and post-construction analysis and reports. (*See id*). In particular, Defendant GDC was required to provide Mr. Marinelli with "copies of the blueprints and other architectural or design drawings and/or specifications (design documents) for Saw Mill

**Law Offices of
James E. Bahamonde, P.C.**

November 14, 2022
Page  - 2 -

Lofts. (*See id*, at ¶ 3). Upon receipt, Mr. Marinelli was required to review the design documents to ensure compliance with the design and construction requirements of the FHA (FHA Guidelines) and report on its findings to Defendant GDC. (*See id*, at ¶ 4). If Mr. Marinelli identified any deviation with the FHA Guidelines, Defendants agreed to remedy the same and provide Mr. Marinelli with the revised design documents. (*See id*, at ¶¶ 5-7). Mr. Marinelli then needed to review the revised design documents to ensure compliance with the FHA Guidelines. This process was expected to repeat until Mr. Marinelli confirmed that the design documents complied with the FHA Guidelines. (*See id*).

Additionally, prior to the completion of construction of Saw Mill Lofts, Defendant GDC was required to arrange with Mr. Marinelli an inspection of Saw Mill Lofts to identify any existing issues that failed to comply with the FHA Guidelines. (*See id*, at ¶¶ 9-11). Subsequent to this inspection, Mr. Marinelli was required to submit to the a final report on his findings to the Government. (*See id*)

Plaintiffs' subpoena to produce served upon Dominic Marinelli seeks the documents reviewed, relied upon, and created by Mr. Marinelli regarding the subject property, as described above. Initially, on September 9, 2022, the General Counsel of United Spinal Association, James Weisman, objected to the subpoena on the ground of work product privilege. In particular, that Dominic Marinelli and United Spinal Association have been retained by Ginsberg & Redmond, PC[1] as an expert witness in anticipation of litigation. However, after I sent him the case law demonstrating that the documents are not protected work product, Mr. Weisman stated his intent to consult with Defendants' attorney, Mark Ginsburg, and claimed he would get back to me.

Subsequent to this conversation, Mr. Weisman had back surgery and was unavailable. On November 2, 2022, I spoke with Mr. Weisman and he said he just returned to work and would get back to me shortly. On November 7, 2022, Mr. Weisman decided not to produce any documents, again claiming work product privilege.

On November 10, 2022, Plaintiffs served Dominic Marinelli with a subpoena to testify. (*See*, **Exhibit 3**; Subpoena to Testify). Since Mr. Marinelli has objected to produce on the basis of work product privilege, Plaintiffs anticipate receiving the same objection regarding this subpoena.[2] Consequently, Plaintiffs respectfully request the Court to address Plaintiffs' right to depose Mr. Marinelli in order to obtain testimony regarding his involvement with Saw Mill Lofts.

**LEGAL ARGUMENT**

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. *Cohen v. City of N.Y.*, 255 F.R.D. 110, 117 (S.D.N.Y. 2008) quoting

---

[1] Ginsberg & Redmond, PC represented Defendant GDC in the Government's 2016 housing discrimination action against GDC. Ginsberg & Redmond, PC also represent the Defendants in the current action.

[2] Prior to serving Mr. Marinelli with a subpoena to testify, I asked Mr. Weisman whether he would accept service of subpoena on behalf of Mr. Marinelli. However, he did not respond.

**Law Offices of
James E. Bahamonde, P.C.**

November 14, 2022
Page  - 3 -

Fed. R. Civ. P. 26(b) (1) (quotations omitted). To obtain relevant discovery, a party may subpoena a third-party for the production of documents. *See*, Fed. R. Civ. P. 45; see also *Knight v. Local 25 IBEW*, No. CV 14-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, at *4 (E.D.N.Y. Mar. 31, 2016) (information subpoenaed must be relevant and material to the allegations and claims at issue in the preceding, or lead to admissible evidence).

  A Court may quash or modify a subpoena if it requires disclosure of privileged documents or information. However, a blanket assertion that documents are work-product or reflect anticipated litigation is not sufficient to attach the immunity. *Koumoulis v. Indep. Fin. Mktg. Grp.*, 29 F. Supp. 3d 142, 144 (E.D.N.Y. 2014). Further, simply declaring that something is prepared in "anticipation of litigation" does not necessarily mean the work product privilege attaches. *P. & B. Marina, Ltd. P'ship v. Logrande*, 136 F.R.D. 50, 57 (E.D.N.Y. 1991) *aff'd sub nom. P&B Marina Ltd. v. LoGrande*, 983 F.2d 1047 (2d Cir. 1992). *See id.*

  Federal Rule 26(a)(1)(A)(i) requires parties to name each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. Here, Defendants identified Dominic Marinelli as a fact witness under Federal Rule 26(a)(1)(A)(i). (*See*, **Exhibit** 4; Defendants Rule 26 disclosure). Consequently, since Defendants identify Mr. Marinelli as a relevant witness, Plaintiffs may obtain discovery regarding facts known or opinions held by Dominic Marinelli, as well as documents reviewed, relied upon, and drafted by Mr. Marinelli. *See*, FRCP 26(b)(4)(D).

  Additionally, Plaintiffs are entitled to the information and documents sought by the subpoena to produce and testify because in *United States of America v. Ginsburg Development Companies, LLC,* Case Number 16 Civ. 7391 (NSR), Ginsberg Development Companies, LLC, and not Ginsberg & Redmond, PC, was ordered by the Consent Decree to retain Dominic Marinelli as an FHA compliance Reviewer to, in part, inspect the plans of Saw Mill Lofts pre- and post construction, and create pre- and post construction reports. The purpose of the Consent Order was to resolve the Government's action against Ginsberg Development Companies, LLC (GDC) concerning the buildings under construction, and were not prepared in anticipation of litigation or trial. The Consent Decree also held that the United States shall have equal access to the pre- and post construction reports and, upon written request, GDC was required to provide the Government with copies of all design documents that it provided to Dominic Marinelli, along with the final modified designs. (*See*, Consent Order of Preliminary Injunction dated September 27, 2016 at ¶¶ 3-11). Consequently, because the documents were freely available to the adverse party in that litigation, Defendants cannot shield the production of documents and communication regarding Dominic Marinelli and Saw Mill Lofts by claiming work product privilege.

  Moreover, even assuming *arguendo* that the documents prepared and reviewed by Mr. Marinelli were work product, GDC waived this privilege because it willingly entered into a Consent Order that allowed the Government access to all documents reviewed and prepared by Mr. Marinelli. *See*, Consent Order of Preliminary Injunction dated September 27, 2016. Further, since Mr. Marinelli is a nonparty to the present case, he may not invoke work-product protection under Rule 26 to preclude the production of materials prepared by or for him, even if created in

**Law Offices of**
**James E. Bahamonde, P.C.**

November 14, 2022
Page   - 4 -

contemplation of pending or anticipated litigation. *Ricoh Co. v. Aeroflex Inc.*, 219 F.R.D. 66, 69 (S.D.N.Y. 2003).

     Accordingly, Plaintiffs respectfully request an order compelling Dominic Marinelli to produce and testify regarding the documents and information sought.

     Respectfully Yours,

     /s/ James E. Bahamonde

     James E. Bahamonde, Esq.

cc:
Mark D. Ginsberg, Esq.
Ginsburg & Redmond
sbagwin@grlawpc.com

James Weisman
JWeisman@unitedspinal.org