Law Offices of
# JAMES E. BAHAMONDE, P.C.

2501 Jody Court
North Bellmore, NY  11710
New York City Tel. (646) 290-8258
James@CivilRightsNY.com

November 14, 2022

**BY ECF**

Magistrate Hon. Judith C. McCarthy
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re.  *Ayala, et al. v. Saw Mill Lofts LLC, et al.*
**21cv9779 (NSR) (JCM)**

Dear Magistrate Judge McCarthy:

I represent Plaintiffs in the above referenced matter. Pursuant to Your Honor's Individual Rule 2(A), Plaintiffs seek a pre-motion conference before making a motion to compel production of documents being withheld pursuant to Federal Rule of Civil Procedure, Rule 34. Prior to seeking a pre-motion conference, Plaintiffs have in good faith tried to resolve this discovery dispute. However, Defendants have not directly responded to Plaintiffs' good-faith letter and repeated email communication..

**Defendants' Response to Plaintiffs' Request for Production of Documents**

Under Rule 34, Defendants must produce documents in response to each Request for Document. If Defendants assert an objection, it must be stated with specificity, and must state whether any responsive materials are being withheld on the basis of that objection. An objection to a part of a request must specify the part, or permit inspection of the rest. F.R.C.P. 34(b)(2)(C) In the instant action, Defendants have asserted an objection based on privilege to nearly a dozen of Plaintiffs' Request for Production of Documents, and claims that only three documents are being withheld from production.

**Defendants Assertion of Privilege has no Basis in Fact or Law**

Request No. 1 seeks all documents identified in Defendants' response to the Interrogatories, or referred to, or examined by, Defendants to form the response to the Interrogatories. (*See*, **Exhibit** 1; relevant documents of Defendants' Response to Plaintiffs' Request for Production of Documents). By propounding this Request, Plaintiffs seek all relevant documents and communication that are subject to disclosure. *See*, Federal Rule 26(b)(1).

Defendants' object to the Request on the ground that some documents responsive to this request are not discoverable on the grounds that they are protected by the work product privilege

**Law Offices of**
**James E. Bahamonde, P.C.**

November 14, 2022
Page    - 2 -

and/or attorney client privilege, and are not discoverable and therefore not being produced. [1] (*See*, **Exhibit 1).** Further, Defendants identify "three reports prepared by Dominic Marinelli one dated November 10, 2016, for Building C at SML, and one dated November 28, 2016, for Building B at SML (collectively, the "2016 Reports") and one dated December 9, 2021 (the "2021 Report"). With respect to the 2016 Reports, said Reports were prepared by Mr. Marinelli, at the request of the law firm of Ginsburg & Redmond, P.C., and were prepared for litigation with the United States government in the matter of *United States of America v. Ginsburg Development Companies, LLC,* Case Number 16 Civ. 7391 (NSR) and for the potential trial in that action and as such these reports are protected by the attorney work product privilege and/or the attorney client privilege and are not discoverable and, therefore, are not being produced. Further, the 2016 Reports were not exchanged with the United States government. The 2021 Report was prepared by Mr. Marinelli for the instant action at the request of the law firm of Ginsburg & Redmond, P.C. for the potential trial in this action and as such that Report is protected by the attorney work product privilege and/or the attorney client privilege and is not discoverable and, therefore, is not being produced." (*Id*).

Defendants assert this exact same objection in response to Request for Documents, Nos. 1,7i,7j,7l, 7m, 7o,7r, 7s, 12, 17, 24, and 26.

Defendants' objection holds no legal or factual merit. In the current action, documents and communication created, relied upon, or reviewed by Mr. Marinelli regarding Saw Mill Lofts, including the 3 Reports prepared by Mr. Marinelli, are not privileged or confidential material and are, indeed, subject to production.

In a Consent Decree issued by the Court in *United States of America v. Ginsburg Development Companies, LLC,* Case Number 16 Civ. 7391 (NSR), Defendant Ginsburg Development Companies, LLC ( GDC) was ordered by the Court to retain Mr. Marinelli as an independent expert designated to, in part, inspect three multifamily apartment buildings under development by GDC, named Saw Mill Lofts. (*See*, **Exhibit** 2; Consent Order of Preliminary Injunction dated September 27, 2016 at ¶¶ 3-11). In the Consent Decree, the Court instructed Mr. Marinelli to inspect Saw Mill Lofts, pre- and post-construction, and create pre- and post-construction analysis and reports. (*See id*). In particular, Defendant GDC was required to provide Mr. Marinelli with "copies of the blueprints and other architectural or design drawings and/or specifications (design documents) for Saw Mill Lofts. (*See id*, at ¶ 3). Upon receipt, Mr. Marinelli was required to review the design documents to ensure compliance with the design and construction requirements of the FHA (FHA Guidelines) and report on its findings to Defendant GDC. (*See id*, at ¶ 4). If Mr. Marinelli identified any deviation with the FHA Guidelines, Defendants agreed to remedy the same and provide Mr. Marinelli with the revised design documents. (*See id*, at ¶¶ 5-7). Mr. Marinelli then needed to review the revised design documents to ensure compliance with the FHA Guidelines. This process was expected to repeat until Mr. Marinelli confirmed that the design documents complied with the FHA Guidelines. (*See id*).

---

[1] Defendants asserts the exact same objections to Request for Documents, Nos. 1,7i,7j,7l, 7m, 7o,7r, 7s, 12, 17, 24, and 26.

**Law Offices of**
**James E. Bahamonde, P.C.**

Additionally, prior to the completion of construction of Saw Mill Lofts, Defendant GDC was required to arrange with Mr. Marinelli an inspection of Saw Mill Lofts to identify any existing issues that failed to comply with the FHA Guidelines. (*See id*, at ¶¶ 9-11). Subsequent to this inspection, Mr. Marinelli was required to submit to the Government a final report on his findings. (*See id*).

The Consent Decree also held that the Government shall have equal access to the analyses conducted by Mr. Marinelli, the pre- and post construction reports, and all design documents that it provided to Dominic Marinelli, along with the final modified designs. (*See*, Consent Order of Preliminary Injunction dated September 27, 2016 at ¶¶ 3-11). Consequently, because the documents were freely available to the Government in that litigation, Defendants cannot shield the production of documents and communication regarding Dominic Marinelli and Saw Mill Lofts by claiming work product or attorney-client privilege, because no such protection existed.

Further, even if the documents prepared and reviewed by Mr. Marinelli are privileged, Defendant GDC has waived this privilege because it willingly entered into a Consent Order that allowed the Government equal access to all documents reviewed and prepared by Mr. Marinelli. (*See*, *id*).

Moreover, in the current action, Defendants have designated Dominic Marinelli as a fact witness under Federal Rule 26(a)(1)(A)(i). (*See*, **Exhibit** 3; Defendants Rule 26 disclosure). Consequently, Plaintiffs may obtain discovery regarding facts known, or opinions held by, Mr. Marinelli, as well as documents he reviewed, relied upon, and drafted. *See*, FRCP 26(b)(4)(D).

Accordingly, since Defendants' objections have no legal or factual merit and was asserted in response to Request 1,7i,7j,7l, 7m, 7o,7r, 7s, 12, 17, 24, and 26,Plaintiffs respectfully request that Defendants be compelled to supplement their responses to Request 1,7i,7j,7l, 7m, 7o,7r, 7s, 12, 17, 24, and 26.

**Plaintiffs are Entitled to Discovery Related to Any Investigation Conducted by Defendants**

Request No. 12 seeks all documents reflecting any investigation conducted by any Defendant or their agent(s) regarding alleged defects in the design or construction of Saw Mill Lofts, including but not limited to the defects alleged in this action. Defendants asserts the same objections provided in response to Request 1, above.

As explained at length above, these objections have no legal merit. In addition, information and documents regarding investigations conducted by Defendants regarding the allegations in the instant action are absolutely discoverable because it is relevant to Plaintiffs' claims, and are calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

Further, after being served the summons and complaint in this action, Defendants have made, and are currently making, architectural alterations to several areas of their multifamily development which Plaintiffs have alleged are not in compliance with the design and

**Law Offices of**
**James E. Bahamonde, P.C.**

November 14, 2022
Page    - 4 -

construction requirements of the FHA. (*See*, Dkt. No. 1; Complaint ¶¶ 1, 3, 41- 86). In doing so, Defendants have almost certainly conducted an investigation of the areas that Plaintiffs are complaining of in this action, as well as implemented a plan to make architectural alterations to those areas. As such, the documents and information related to Defendants' investigation and subsequent architectural alterations are clearly relevant to the claims and defenses in this action.

Lastly, by making the architectural alterations to the areas in dispute without notice to Plaintiffs, along with Defendants' recalcitrance in permitting Plaintiffs access to conduct a physical inspection pursuant to Rule 34, Defendants have not complied with their duty to preserve all evidence relevant to the underlying litigation, and are subject to sanctions, including an adverse inference instruction. *See*, *Thurmond v. Bowman*, 199 F. Supp. 3d 686 (WDNY 2016).

Accordingly, for all of the reasons set forth above, Plaintiffs respectfully request a pre-motion conference.

Respectfully Yours,

/s/ James E. Bahamonde

James E. Bahamonde, Esq.

cc:
Mark D. Ginsberg, Esq.
Steven C. Bagwin, Esq.
Ginsburg & Redmond