UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA AYALA, individually and as Guardian for Victor Rios, and WESTCHESTER RESIDENTIAL OPPORTUNITIES, INC.<br><br>                              Plaintiffs,<br><br>v.<br><br>SAW MILL LOFTS, LLC, and GINSBURG DEVELOPMENT COMPANIES, LLC<br><br>                            Defendants. | 21 Civ. 9779 (NSR)(JCM)<br><br>**AMENDED STIPULATION AND ORDER OF CONFIDENTIALITY** |

IT IS HEREBY STIPULATED AND AGREED, by and among plaintiffs Westchester Residential Opportunities Inc. ("WRO") and Jessica Ayala ("Ayala"), individually and as Guardian for Victor Rios (together with WRO, the "Plaintiffs") and defendants Saw Mill Lofts, LLC, and Ginsburg Development Companies, LLC (collectively referred to as "Defendants" and together with the Plaintiffs collectively "Parties" or individually "Party"), and their respective attorneys, that the following provisions shall govern discovery of Confidential Material produced by WRO and/or the Defendants and as appropriate, non-parties, in the above-captioned action (the "Action"):

## **"CONFIDENTIAL MATERIAL" DISCOVERY**

To the extent required under the Federal Rules of Civil Procedure, WRO, Defendants, or as appropriate non-parties, may produce Confidential Material in this litigation. "Confidential Material" shall be defined (a) as to WRO, as non-public information, of or belonging to WRO, pertaining to the identities and any identifying information of WRO's: testers, testing materials, and testing methodologies; (b) as to Defendants, any non-public plans, drawings, marketing materials, rental and any other operational procedures and the identities and any other information

pertaining to any tenants other than Ayala; and c) as to the Parties and any non-parties any documents or testimony containing non-public material such as trade secrets, proprietary business information, competitively sensitive information or other information, the disclosure of which would, in the reasonable and good faith judgment of the Party or, as appropriate, non-party designating the non-public material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients. Accordingly, the Parties have agreed that the above-referenced information shall be produced by WRO, Defendants and non-parties only under the following terms and conditions:

1.      All documents or materials containing Confidential Material shall be marked "Confidential Material" by the producing party (the "Producing Party") during the course of discovery in this Action or when providing the documents or materials to this Court or any other court. Any documents or materials already produced in this Action as of the date hereof constituting Confidential Material and not so marked may be subsequently marked as Confidential Material and or otherwise shall be nevertheless deemed as Confidential Material.

2.      The Parties stipulate and agree that any testing material and audio recordings of testers provided by WRO shall be deemed "Confidential Material" notwithstanding any failure to mark such audio recording as "Confidential Material".

3.      Any designation of "Confidential Material" that is inadvertently omitted subsequent to the entry of this Stipulation and Order of Confidentiality (the "Stipulation and Order") may be corrected by written notification to opposing counsel.

4.      Deposition or hearing testimony that constitute Confidential Material may be designated as "Confidential Material" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon

review of the transcript. Subject to objection and the resolution thereof as herein provided, the court reporter shall be instructed to transcribe the testimony so designated, bind therewith the confidential exhibits to which the testimony refers and mark the face of the bound transcript with the words "Confidential Pursuant to Stipulation and Order of Confidentiality." Exhibits which are deemed "Confidential Material" shall be so designated by stamping the exhibit accordingly. This Stipulation and Order shall not preclude counsel for any Party from using during any deposition in this action any documents or testimony which has been designated as "Confidential Material" under the terms hereof.

5.      No designation of Confidential Material shall be made unless the Producing Party, believes in good faith that the material falls within the definition of "Confidential Material" set forth herein.  Any such designation shall be subject to objection as herein provided.

6.      The Parties will provide Confidential Material only to counsel of record for any other Party and with the express understanding that counsel shall not disclose confidential information to any other person or entity (including the media), except to:

> (a)      The Court and its employees and court and independent stenographic reporters and any necessary secretarial, clerical or other personnel of such reporter engaged in preparing transcripts of testimony or hearings for this Action, including, without limitation, any judge, magistrate, referee, mediator and/or other person charged with hearing, reporting and/or adjudicating any matter or thing pertaining to this Action;

> (b)      Outside or in-house legal counsel of the Parties or non-parties and employees of counsel for the Parties and non-parties who are working on this Action, and any insurance adjusters or employees, attorneys, agents,

representatives, consultants, independent contractors and/or any other person required to adjust or pay, or investigate the payment of, any amount in connection with any Party's claim or provide any defense in connection therewith;

(c)     Any witnesses (whether in connection with a deposition, trial, hearing, proceeding or otherwise) in this Action when the witness agrees to execute the form of certificate annexed hereto as Exhibit A (each a "Certificate");

(d)     Independent experts, consultants, contractors and/or any other persons and their respective employees retained by any of the Parties to this Action or their counsel who are assisting in either the prosecution or defense of this Action, provided such person executes a Certificate; and

(e)     any other person(s) agreed to by the Parties, which agreement shall not be unreasonably denied, withheld, delayed or conditioned.

7.     In addition to the above, counsel of record for the Parties may grant the Parties access to review Confidential Material as necessary, in the sole and absolute discretion of counsel, to prepare for the prosecution or defense of this Action and any appeals thereto, and Parties agree to retain custody and keep such material confidential .

8.     Nothing contained herein shall prejudice the right of any Party to object to any designation of material as "Confidential Material" or to seek from the Court modification of this Stipulation and Order.   Additionally, and anything contained herein to the contrary notwithstanding, none of the Parties or their counsel shall be responsible for any inadvertent disclosure of Confidential Material.

9.     Counsel disclosing Confidential Materials to any persons set forth above shall retain a copy of each executed Certificate.

10.     All "Confidential Material" shall be used solely for the prosecution or defense of the claims in this Action, any appeals thereto, and any judicial proceeding seeking the clarification, modification or revocation of any award rendered therein and not for any other purpose, unless otherwise provided by law.

11.     ~~In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Stipulation and Order containing "Confidential Material" or to submit to the Court any such document or the information contained therein for any purpose, such document or information shall be submitted under seal.~~  *See* Addendum A.

12.     A Party or, as appropriate, any non-party may designate as Confidential Information subject to this Stipulation and Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.

13.     If any Party, person or entity receiving Confidential Material receives a subpoena or other compulsory process from any person or entity seeking production or other disclosure of Confidential Material, such Party shall give prompt written notice of that subpoena or process to the Producing Party. The purpose of this paragraph is to give the Producing Party an opportunity to intervene and object to such production or disclosure. However, nothing hereunder will prevent any Party from timely complying with any subpoena or court order.

14.     If at any time a Party objects to a designation of documents or information as "Confidential Material" under this Stipulation and Order, the objecting Party shall notify counsel for the other Parties in writing. The notice shall identify the documents or information in question and shall specify in reasonable detail the reason for the objection. The Parties shall endeavor to

resolve any such objections informally. If no resolution is achieved, the Party objecting may move the Court for a ruling on the confidentiality of the information. In the event that such an application is ultimately made, the burden of establishing the discovery material at issue was appropriately designated shall be on the Party who so designated it as confidential. The designated materials shall be deemed Confidential Material, until the issue is resolved by the Court.

15.    This Stipulation and Order shall remain in full force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court and shall survive the termination of this Action. Nothing in this Stipulation and Order shall in any way preclude, limit, or otherwise interfere with the presentation or introduction of any evidence, exhibits or testimony of whatsoever nature in this Action, whether at trial or otherwise.

16.    Except as otherwise agreed in writing by the Producing Party, at the full and final conclusion of this Action, whether the Action be settled, otherwise resolved in full prior to trial, or tried on the merits, and after the expiration or exhaustion of all appeals and any other relief to which any Party may be entitled in connection therewith, all material which has been designated as "Confidential Material" and that is still the subject of the protections afforded herein, and all copies thereof, produced by  such Producing Party or otherwise obtained through discovery in this Action shall be promptly returned to such Producing Party, or destroyed.  The Producing Party will retain one set of "Confidential Material" produced by it for a period of at least four years following the full and final conclusion of this Action and any appeals arising therefrom and the expiration or exhaustion of any other relief to which any Party may be entitled in connection therewith. Thereafter, such Producing Party may dispose of such retained materials in the ordinary course of business as part of its routine document disposal procedure.

17.     Notwithstanding anything to the contrary contained herein, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any party receiving Confidential Information, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

18.     The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the Parties at or before trial.

19.     The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation and Order shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

20.     Anything contained herein to the contrary notwithstanding, the confidential obligations set forth herein will cease as to any particular Confidential Material that: (a) is or has become generally available to the public through no fault of any Party or non-party bound by the terms hereof who wishes to disclose such Confidential Material; (b) is received properly and lawfully from a third party without restriction on disclosure and without knowledge that the third party's disclosure is in breach of any obligations to the disclosing party; (c) is publicly disclosed by the Producing Party; or (d) is independently developed from sources or through persons that

had no access to such Confidential Information.  In addition, anything contained herein to the contrary notwithstanding, Parties or their respective affiliates may disclose any Confidential Material received in this action if it is in connection with any other litigation involving WRO and Defendants or such affiliates, provided that the same protocols set forth herein shall be observed by such parties and, if requested, such parties shall execute a stipulation similar to that herein.

21.     This Stipulation and Order is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation and Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

22.     Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23.     For the purposes of this Stipulation and Order only, the Parties hereto agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York and to be bound by the terms of this Stipulation and Order.

24.     This Stipulation and Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

26   This Stipulation and Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: White Plains, New York
December 2, 2022


WESTCHESTER RESIDENTIAL OPPORTUNITIES INC.

  /s/ Marlene Zarfes
Marlene Zarfes, Executive Director
470 Mamaroneck Ave., Ste. 410
White Plains, NY 10605


**LAW OFFICES OF JAMES E. BAHAMONDE, PC**
Attorney for Plaintiffs

  /s/ James Bahamonde
James E. Bahamonde, Esq.
2501 Jody Ct.
North Bellmore, NY 11710
james@civilrightsny.com


  /s/ Jessica Ayala
Jessica Ayala
3 Mill River Lane, Apt. B-205
Arsdale, NY 10502


**GINSBURG & REDMOND, P.C.**
Attorneys for Defendants

 /s/ Mark D. Ginsburg
Mark D. Ginsburg, Esq.
245 Saw Mill River Road
Hawthorne, NY 10532
sbagwin@grlawpc.com


Ginsburg Development Companies, LLC
Saw Mill Lofts LLC
 /s/ Douglas Ramsay

Name:  Douglas Ramsay

Title:   CFO

**SO ORDERED:**

JUDITH C. McCARTHY, U.S.M.J.

December 6, 2022

DATE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA AYALA, individually and as Guardian for Victor Rios, and WESTCHESTER RESIDENTIAL OPPORTUNITIES, INC. | 21cv9779 (NSR)(JCM) |
| Plaintiffs, | STIPULATION AND ORDER REGARDING CONFIDENTIAL MATERIAL PRODUCED BY WESTCHESTER RESIDENTIAL OPPORTUNITIES, INC. |
| v. | |
| SAW MILL LOFTS, LLC, and GINSBURG DEVELOPMENT COMPANIES, LLC | |
| Defendants. | |

_____, being duly sworn, states:

A.    That [s]he resides at_____;

B.    That [s]he has read and understands the Stipulation and Order Regarding
Confidential Material dated _____day of _____, 2022 ("Stipulation
and Order") entered into by the parties to the above-referenced Action, and

C.    That [s] he is fully familiar with and agrees to comply with and be bound by the
provisions of the Stipulation and Order.

_____
Name:

Title:

Sworn to before me this

_____day of _____, 202___

_____
Notary Public

**ADDENDUM A**

*Jessica Ayala, et al. v. Saw Mill Lofts, LLC, et al.*
21 Civ. 9779 (NSR)(JCM)

**Paragraph 11 is replaced with the following:**

The following procedures for filing Confidential Material with the Court shall apply:

In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Stipulation and Order containing "Confidential Material" or to submit to the Court any such document or the information contained therein for any purpose, counsel shall seek and obtain a sealing order from the Court pursuant to Section 6 of the *Southern District of New York's Electronic Case Filing Rules & Instructions*. If the Court grants permission to file the Confidential Material under seal, the party shall also serve the Court and opposing counsel with unredacted courtesy copies of the confidential document. The parties will use their best efforts to minimize such sealing requests. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file, via the Court's Electronic Case Filing system, a copy of the same in which only the Confidential Material itself is redacted, and all other information that in no material way reveals the Confidential Material is retained.