

**GINSBURG + REDMOND**
A PROFESSIONAL CORPORATION

December 8, 2022

Via ECF

Hon. Judith C. McCarthy
United States Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    Jessica Ayala et al v. Saw Mill Lofts, LLC and
                Ginsburg Development Companies, LLC
                <u>Docket Number 21 Civ. 9779 (NSR) (JCM)</u>

Dear Magistrate Judge McCarthy:

        We are very sorry to have to write to you regarding this matter, but we believe that Plaintiffs' counsel, James Bahamonde, has given us no alternative. As Your Honor will recall, we had a status conference regarding this action on Monday, November 28, 2022, during which, among other matters, four letters that Mr. Bahamonde had written to the Court regarding his perceived discovery issues, and Defendants' responses with respect thereto, were discussed. During that conference, Your Honor held, among other things, that, with the exception of any reports given to the Department of Justice under paragraphs 11 and 12 of the Consent Order in United States v. Ginsburg Development Companies, 16 Civ. 7391, the reports of Dominic Marinelli and his communications with the Defendants were privileged work product and Mr. Bahamonde's discovery demands with respect to the same were denied.

        Immediately after the aforementioned conference, at Mr. Bahamonde's request, Steven Bagwin and I had a telephone conference with Mr. Bahamonde to discuss the scheduling of depositions in this matter. During our telephone conference with Mr. Bahamonde, it was agreed, among other things, that, given the Court's holding with respect to Mr. Marinelli's reports and communications, Mr. Marinelli's deposition, noticed by Mr. Bahamonde for December 15, 2022, would not take place. If Mr. Marinelli was designated as Defendants' expert, he then could be deposed after he had rendered his expert report and questioned in connection therewith. Accordingly, I advised counsel for United Spinal, the agency with which Mr. Marinelli is affiliated, that Mr. Marinelli's deposition had been cancelled.

        Yesterday, on December 6, 2022 and notwithstanding the above, I received a call from United Spinal's counsel that Mr. Bahamonde had called him to confirm Mr. Marinelli's deposition for December 15, 2022. Mr. Bahamonde, in disregard and contravention of the foregoing

agreement he made with Defendants' counsel, apparently had unilaterally determined that he was going to proceed with Mr. Marinelli's deposition without first consulting with or even advising Defendants' counsel and without consideration of the Court's holding regarding Mr. Marinelli's reports and communications with the Defendants' or their counsel.

Mr. Bagwin and I promptly called Mr. Bahamonde to try to dissuade him from proceeding with Mr. Marinelli's deposition. In that regard, we advised him that, given the Court's determination that Mr. Marinelli's reports and communication with the Defendants or their counsel constituted privileged and protected work product and the fact that no reports had been given to the Department of Justice under paragraphs 11 and 12 of the above referenced Consent Order, both Defendants' counsel and counsel for United Spinal would object to, and direct Mr. Marinelli not to answer, any and all possible questions that Mr. Bahamonde might ask Mr. Marinelli and the deposition would be an utter and futile waste of time and money. This was exactly the reason for canceling Mr. Marinelli's deposition. Mr. Bahamonde, ignoring the Court's finding on the matter, simply told us that he had the right to question the witness under the Federal Rules. Subsequent email correspondence between Mr. Bahamonde and Defendants' counsel is attached hereto, wherein Mr. Bahamonde somehow believes that he is still permitted to question Mr. Marinelli regarding his *"inspections of the property and his determination regarding the property inspections"*. As of yesterday morning, Mr. Bahamonde confirmed by email to me that he still intends to depose Mr. Marinelli on December 15.

Based on the above, we respectfully request the Court's assistance in finally "setting straight" Mr Bahamonde on this issue and in avoiding the unnecessary and improper deposition of Mr. Marinelli at this time and the accompanying waste of time and expense by Defendants and United Spinal and their respective counsel. We believe that the deposition of Mr. Marinelli is nothing more than an attempt on Mr. Bahamonde's part to circumvent the Court's decision that Mr. Marinelli's reports and communications with the Defendants are privileged and protected work product. Thank you for your time and consideration and, again, we apologize for having to involve the Court in this matter.

Very truly yours,

Mark D. Ginsburg, Esq.

Hon. Judith C. McCarthy
December 8, 2022
Page 3 of 4

| From: | Mark Ginsburg |
|---|---|
| To: | James Bahamonde |
| Cc: | Steve Bagwin |
| Bcc: | James Weisman |
| Subject: | Re: Ayala |
| Date: | Tuesday, December 6, 2022 3:40:12 PM |

James: We would object to that line of question as calling for privileged information. Trying to differentiate between Mr. Marinelli's reports and communications and his "inspections" and "determinations" is nothing more than attempt on your part to circumvent or, worse, ignore the Judge's order. So, no, we are not in agreement.

Sent from my iPhone

> On Dec 6, 2022, at 3:20 PM, James Bahamonde <James@civilrightsny.com> wrote:
>
>
> Mark, it appears we are in agreement. Maybe the letter to the Magistrate Judge is unnecessary.
>
> I have no intention on asking Mr. Marinelli about his communication with your firm or the Defendants. Nor will I ask Mr. Marinelli what he wrote on the reports or emails between you or the Defendants.
>
> The scope of my questions will be about Mr. Marinelli's inspections of the property and his determination regarding the property inspections.
>
> **James E. Bahamonde, Esq.**
>
> **From:** Mark Ginsburg <MDGinsburg@grlawpc.com>
> **Sent:** Tuesday, December 6, 2022 3:14 PM
> **To:** James Bahamonde <James@CivilRightsNY.com>
> **Cc:** Steve Bagwin <SBagwin@grlawpc.com>
> **Subject:** Re: Ayala
>
>
> James: You are free to draft any letter you like, but we believe the Judge was very clear that all of Mr. Marinelli's reports as well as his communications with our client are privileged. As we made clear to you when we spoke, we believe that effectively rules out any line of questioning you might have. As we also made clear during our phone conversation, we do not see any purpose to deposing Mr. Marinelli as a fact witness other than to try and circumvent the judge's order, which we believe is sanctionable conduct.
>
> Sent from my iPhone

Hon. Judith C. McCarthy
December 8, 2022
Page 4 of 4

On Dec 6, 2022, at 3:02 PM, James Bahamonde <James@civilrightsny.com> wrote:

Confirmed, I will seek his deposition after Plaintiffs conduct the property inspection.

In regards to the subpoenaed deposition of Dominic Marinelli, since you have stated that you intend to object to nearly all the questions I will ask Dominic Marinelli, I will draft a letter to Magistrate Judge McCarthy addressing our disagreement relating to the work product privilege, and seek her guidance. This way, we can avoid the raucous you were anticipating on creating.

**James E. Bahamonde, Esq.**

**From:** Mark Ginsburg <MDGinsburg@grlawpc.com>
**Sent:** Tuesday, December 6, 2022 2:29 PM
**To:** James Bahamonde <James@CivilRightsNY.com>
**Cc:** Steve Bagwin <SBagwin@grlawpc.com>
**Subject:** Ayala

James: This is to confirm that, based on the phone conversation that we just had, defendants will not be producing Dan Mulvey for deposition on Monday, December 12. Thank you.

**Mark D. Ginsburg | Ginsburg + Redmond, P.C.**
245 Saw Mill River Road | Hawthorne, NY 10532
Phone: 914.495.3515 Ext. 100 | Fax: 914.495.3520
Email: mdginsburg@grlawpc.com | Website: www.grlawpc.com

This e-mail transmission is proprietary and confidential in nature and constitutes a communication subject to the attorney-client and/or the attorney/work product privilege. It is intended solely for the recipient specified above, and may be exempt from disclosure under applicable law. The privileges are not waived by virtue of electronic transmission. Any other use, dissemination, distribution, or copying of this communication is not authorized. In the event all or part of this transmission is received by a person other than the specified recipient, please return it to the sender and delete it and any attachments without